The judgment of the court was pronounced by
Eustis, C. J.
This is an appeal taken by Miles Judson, administrator of the succession of Felix Connolly, from a judgment of the Second District Court of New Orleans, by which he was dismissed from the office of administrator, and condemned to pay twenty per cent interest per annum on certain sums belonging to the succession, and received by him, and which he had not deposited in bank, according to the provisions of the act of March 13,1837, requiring administrators, executors', curators and syndics to deposit the funds collected by them in bank, and to keep a bank book in their official name, &c.
The proceedings in which this judgment was rendered were at the instance of John M. Bach and John Mitchell, as creditors of the succession, and commenced by a rule taken by them on the administrator for his removal, &c. under the statute.
In answer to the rule Judson, the administrator, pleaded by way of exception, that he had filed a tableau of distribution of the funds of the succession, and that neither Mitchell nor Bach were put down as creditors of the succession; and that they had severally filed oppositions to said tableau, claiming to be placed thereon as creditors, which oppositions were then pending and at issue. The respondent denied that they Were creditors, or had any interest in the succession ; and averred, that the proceedings thus instituted by Bach and Mitchell were taken for the sole purpose of hamissing him and embarrassing the administration of the succession; and concluded by invoking the decision of the court on the right of Bach and Mitchell to institute them until they have established their rights as creditors, or some definite interest in the succession.
The district judge overruled the exception ; and directed all the issues to be tried with the merits on the rule, considering the matters of the exception appertained to the merits. The defendant took his bill of exceptions, and reserved the questions presented by the exception. We have not been able to find in the voluminous record before us any judgment purporting to settle the amount for which Bach and Mitchell are creditors of the succession, or that they are at all creditors, except the judgment by which Judson, the administrator, has been condemned; from which the fact of their being creditors is considered as result *754 ¡ng. As the matter stands before us, their respective claims are still pending and at issue on their oppositions to the tableau of distribution. We think those issues ought to have been tried before Bach and Mitchell could be permitted to exercise the rights of creditors under the statute. The steps taken by them look very much like an attempt to coerce the acknowledgment of their claims, and if sanctioned would give to a stranger without interest in a succession a vexatious power of disturbing and embarrassing its administration.
The district judge thought that he had no discretion under the statute, according to the rules laid down by this court in the cases of Depas v. Riez, 2d Ann. 30, and of the Succession of Mann, 4th Ann. 28, when it was proved that the administration had not complied with its requisitions. The rights of the parties instituting the proceedings in those cases were not questioned. We must not be understood by this decision as abridging in any manner the control of courts over those having charge of successions or estates under administration. The appellees are attempting to exercise a remedy under ft statute highly penal, uutil their rights as creditors are established ; in the mode of litigation they have thought proper to select, they have no right to disturb the administration of the affairs of the succession in which others are interested, and in which the parties in interest acquiesce.
The judgment of the district court is therefore reversed ; and the rule taken by the appellees is discharged, with costs in both courts.